UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **BRADLEY KOENNING,** *et al.*, | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | **CIVIL ACTION NO. V-11-6** |
| **THOMAS SUEHS,** | § § § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is an Emergency Motion for Schedule Modification filed by Defendant Thomas Suehs, Executive Commissioner of the Texas Health and Human Services Commission (HHSC) ("Defendant") (Dkt. No. 15), to which Plaintiffs Bradley Koenning ("Koenning"), Brian Martin ("Martin"), and Morgan Ryals ("Ryals") (collectively "Plaintiffs") have responded. Plaintiffs have also filed a Motion for Protective Order seeking to foreclose any further discovery in this case. (Dkt. No. 16.) Having considered the motions, response, record, and applicable law, the Court is of the opinion that Defendant's motion should be **GRANTED** and Plaintiffs' motion should be **DENIED**.

### I. Factual and Procedural Background

This case involves three disabled adult Plaintiffs who have requested a particular customized power wheelchair that Texas Medicaid does not offer as a benefit. Each Plaintiff requested a Permobil C500, which retails for $45,000 to $52,000. Plaintiffs' basic claim is that they had a "medical necessity" for the power standing features that are built into the Permobil C500, and that HHSC violated the United States Constitution and the federal Medicaid Act by not providing the device.

On January 5, 2012, the Court granted Defendant's Unopposed Motion for Schedule Modification after Plaintiffs encountered unexpected difficulties in producing their medical records and the Parties were unable to complete discovery by the December 31, 2011 deadline. (Dkt. Nos. 13, 14.) Since receiving the last of Plaintiffs' medical records on January 14, 2012, Defendant also had difficulty in arranging depositions of Plaintiffs' doctors. As such, Defendant requests that the current Scheduling Order be extended by one month to permit him to depose these key witnesses.

## II. Legal Standard

A party seeking leave to amend a court's scheduling order must show "good cause." FED. R. CIV. P. 16(b). "The good cause standard requires 'the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright *et al.*, FED. PRAC. & PROC. § 1522.1 (2d ed. 1990)).

District courts in this circuit must consider four factors in determining whether to grant a party's request to modify an existing scheduling order: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). The Fifth Circuit grants district courts "'wide latitude' in pretrial matters" and mandates that they "be allowed to act with 'intelligent flexibility' in this arena." *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (quoting *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971)). As such, this Court's decision whether to modify the existing scheduling order will "not be disturbed

unless it is demonstrated that [the Court] has clearly abused the broad discretion vested in [it] by Rule 16." *Davis*, 448 F.2d at 921.

### III. Analysis

#### A. Defendant's Explanation for his Failure to Meet the Discovery and Motions Deadlines

Defendant explains that although he requested Plaintiffs' medical records on June 15, 2011, Plaintiffs did not produce records for Martin, Koenning, and Ryals until October 26, 2011, December 22, 2011, and January 13, 2012, respectively. Defendant states that he did not file a motion to compel to address these lengthy delays because Plaintiffs' counsel represented that Plaintiffs' doctors were being uncooperative in releasing their medical records. (*See* O'Connell Letter, Dkt. No. 15, Exhibit A (complaining about hospital's delay in releasing records).) Instead, Defendant filed an Unopposed Motion for Schedule Modification requesting a six-week extension of all deadlines, which the Court granted. (Dkt. Nos. 13, 14.)

Defense counsel concedes that he erred in not requesting an extension greater than six weeks, but states that he did so in an effort to obtain Plaintiffs' counsel's agreement. Defense counsel was also unaware that Plaintiffs would require an additional two weeks' time to produce Ryals' medical records, or that he would encounter unexpected difficulties in arranging depositions of the Plaintiffs' doctors. Finally, defense counsel explains that between January and mid-February, he was preoccupied with preparation for two other trials and a brief paternity leave to care for his infant. As a result, he was not able to schedule depositions with Plaintiffs' doctors until March 2 and March 7, 2012.

The Court finds that Defendant has shown good cause for his failure to meet the current discovery and motions deadlines.

### B. The Importance of Deposing Plaintiffs' Doctors

As noted *supra*, Plaintiffs' basic claim is that they had a "medical necessity" for the power standing features that are built into the Permobil C500, which Texas Medicaid does not offer as a benefit. Although Texas Medicaid does offer a separate "stander" device as a benefit to address any medical need for "standing" treatment, Plaintiffs claim "medical necessity" specifically for the Permobil C500 combined power wheelchair and stander.

Defendant contends that a critical fact question in this case will be whether Plaintiffs have a true medical need for the Permobil C500 instead of the separate power stander that Texas Medicaid offers. Thus, the testimony of Plaintiffs' doctors as to their actual medical need is highly important to disposing of this case at summary judgment. Plaintiffs argue that this case does not turn on medical necessity because the Permobil C500 chairs were denied based solely upon Defendant's unlawful policy that categorically excludes this device from Medicaid coverage for adult beneficiaries, regardless of their medical need.

The Court finds that the issue of whether Plaintiffs have a medical need for the Permobil C500 will determine whether they have standing to challenge the Permobil C500's exclusion from Texas Medicaid coverage and whether Plaintiffs are entitled to other relief they seek in this action—for example, their request that the Court "[o]rder Defendant to prior authorize the medically necessary [equipment] to which Plaintiffs are entitled." (Pl. Compl., Dkt. No. 1 at 16.) As such, the Court further finds that deposing Plaintiffs' doctors on the issue of medial necessity is highly important to the ultimate resolution of this action.

### C. Potential Prejudice in Allowing Defendant to Depose Plaintiffs' Doctors and the Availability of a Continuance to Cure Such Prejudice

The Court has already extended the Scheduling Order by six weeks because Plaintiffs were unable to respond to Defendant's discovery requests in a timely manner. The Court finds

that an additional one-month extension in this action will not unduly prejudice Plaintiffs. A continuance, while available, is unnecessary.

**IV. Conclusion**

For the reasons set forth above, Defendant's Emergency Motion for Schedule Modification (Dkt. No. 15) is **GRANTED**, and Plaintiffs' Motion for Protective Order (Dkt. No. 16) is **DENIED**. The current Scheduling Order is hereby modified as follows:

(1) Discovery completed by: April 2, 2012;
(2) Motions will be filed by: April 2, 2012;
(3) Joint Pretrial Order is due: June 4, 2012;
(4) Trial set during the month of: July 2012.

It is so **ORDERED**.

**SIGNED** this 1st day of March, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE