UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BRADLEY KOENNING, <br> BRIAN MARTIN, and <br> MORGAN RYALS <br><br> Plaintiffs <br><br> vs. <br><br> THOMAS SUEHS, in his official capacity <br> as Executive Commissioner, TEXAS <br> HEALTH AND HUMAN SERVICES <br> COMMISSION <br> Defendant. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:11-CV-00006 |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
AND MEMORANDUM IN SUPPORT OF MOTION**

TO THE HONORABLE JOHN D. RAINEY:

Plaintiffs, through undersigned counsel, file this *Motion for Attorneys' Fees and Costs and Memorandum in Support of Motion* pursuant to the Court's Memorandum Opinion and Order, dated September 18, 2012, which held that Plaintiffs are entitled to recover their costs, including reasonable attorneys' fees in this case. In support of this motion, Plaintiffs respectfully state as follows:

**I. Plaintiffs are Entitled to Reasonable Attorneys' Fees**

**A.    Determination of a Fee Award Begins with Calculation of the Lodestar**

An award of attorneys' fees is determined by multiplying "the number of hours reasonably expended…by a reasonable hourly rate." *Blum v. Stenson,* 465 U.S. 886,888 (19 *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Once this figure ("the "loadstar") is calculated, the court may adjust it based upon the factors established in *Johnson v. Georgia Highway*

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] A "strong presumption" exists that the loadstar figure represents a "reasonable fee" *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992), and it "should be modified only in exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *see also Walker v. U.S. Dep't of H.U.D.*, 99 F.3d 761, 767 (5th Cir. 1996).

Here, Plaintiffs seek an award for a reasonable number of hours worked at hourly rates that are comparable to, or less than, the prevailing rates for lawyers with similar experience in Texas. These figures are set forth in Section III. Summary of Fees and Expenses and are supported by the time records of Maureen O'Connell and Maryann Overath (Exhibits A and B).

**B.    Plaintiffs Expended a Reasonable Number of Hours in this Litigation**

Plaintiffs demonstrate the reasonableness of their fee request by supporting it with contemporaneously created billing records containing "the date, the number of hours spent (calculated to a tenth of an hour), and a short but thorough description of the services rendered." Counsel's records, beginning in September 2010 and extending through the preparation of this fee request, easily satisfy the standard in *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.* ("*LULAC*"), 119 F.3d 1228, 1233 (5th Cir. 1997). The level of detail in counsel's time records will assist the Court in determining whether the hours requested were reasonably spent by counsel.[2] *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

---

[1] These 12 factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

[2] In considering the reasonableness of the time expended by Plaintiffs' counsel, the Court may also consider the complexity of the case. Given the number and novelty of Defendant's defenses, this case required more extensive briefing than typically necessary in a similar action.

C.  **Plaintiffs' Counsel Exercised Billing Judgment by Reducing their Hours**

Prevailing plaintiffs are expected to exercise billing judgment by "writing off unproductive, excessive, or redundant hours." *Walker*, 99 F.3d at 769. In compliance with this requirement, Plaintiffs' counsel have exercised careful and reasonable billing judgment, reducing their hours where appropriate. For example, counsel reduced a portion of their time spent conducting factual and legal research, reviewing documents, conferring with other legal experts and collaborating with each other.[3] All total, Plaintiffs' counsel have excluded over 200 hours of their time in this case. Finally, travel time has been billed at 50% of counsel's reasonable and customary hourly rate. *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993).

Plaintiffs' reduction of more than 20% of their total hours demonstrates the exercise of billing judgment and exceeds the across the board reduction that courts have imposed in the absence of such action taken by counsel. *Cookston v. Miller Freeman, Inc.*, No. 98-2106, 1999 U.S. Dist. LEXIS 14381, at *15 (N.D. Tex. Sept. 14, 1999) (reducing hours by 15% where plaintiff's counsel offered no evidence of having written off hours).

D.  **Counsel's Hourly Rates are Reasonable**

Counsel's hourly rates in this case are comparable to, or less than, the market rates of other attorneys practicing in Texas. Attorney O'Connell seeks compensation at the rate of $325 per hour, which is less than that charged by many attorneys with far fewer years of experience. In fact, this hourly rate is comparable to the rates charged by *associates* at several large Dallas firms[4] and the median rate charged by lawyers practicing administrative and public law in the

---

[3] This case was not over-staffed and all efforts were made to avoid duplication of effort by allocating litigation responsibilities between Plaintiffs' two attorneys.

[4] At the Winstead firm 6th-year associates bill at $315/hour, at Gardere Wynne Sewell 4th-year associates bill at $320/hour, and at Thompson & Knight 2d-year associates bill at $315/hour. *See* Billing Survey, National Law Journal (Dec. 19, 2011).

Houston/Baytown/Sugarland area.[5]  This hourly rate is also less than the 2009 average equity-partner rates at law firms in Austin/San Antonio, Dallas/Fort Worth, or Houston[6] and less than the 2009 average rate for 7th-year associates at law firms in Austin/San Antonio and Dallas/Fort Worth.[7]

Attorney Overath seeks compensation at the rate of $275 per hour, which is likewise comparable to the rate charged by newer associates at large Dallas firms,[8] and less than the 2009 average rates for 4th-year associates at law firms in Austin/San Antonio and Dallas/Fort Worth.[9] As explained more fully in their affidavits, Plaintiffs' attorneys are experienced disability rights attorneys and have successfully litigated numerous lawsuits in federal court to advance the rights of individuals with disabilities.

Plaintiffs' counsel are entitled to hourly rates comparable to their law-firm peers as the determination of a reasonable hourly rate does not vary based on "whether plaintiff is represented by private or non-profit counsel," but is consistent across the bar because it is "in the interest of the public that [non-profit] law firms be awarded reasonable attorneys' fees to be computed in the traditional manner."  *Blum v. Stenson*, 465 U.S. 866, 895 (1984).  In *Blum,* the Supreme Court specifically rejected any distinction between the market rates for private and public interest attorneys.  465 U.S. at 894-95.  Courts of Appeals have concluded that the community market rate standard, as articulated in *Blum*, requires courts "to assess the experience

---

[5] The median rate for those lawyers was $313/hour. *See* 2009 Hourly Rate Fact Sheet (State Bar of Texas).

[6] In 2009 equity partners in Austin/San Antonio averaged $414/hour, in Dallas/Fort Worth $478/hour, and in Houston $393/hour.  *See* Hourly Billing Rates, Texas Lawyer (October 28,2009)

[7] In 2009 7th-year associates at firms in Austin/San Antonio averaged $304/hour, and in Dallas/Fort Worth averaged $348.  *See* Hourly Billing Rates, Texas Lawyer (October 28, 2009).

[8] At the Winstead firm 4th-year associates bill at $260/hour, at Gardere Wynne Sewell 2d-year associates bill at $260/hour, at Strasburger & Price 5th-yar associates bill at $258/hour, and at Thompson & Knight 1st-year associates bill at $250–280/hour. *See* Billing Survey, National Law Journal (Dec. 19, 2011).

[9] In 2009 4th-year associates at firms in Austin/San Antonio averaged $257/hour, and in Dallas/Fort Worth averaged $289.  *See* Hourly Billing Rates, Texas Lawyer (October 28, 2009).

and skill of the attorneys and compare their rates to those of comparable lawyers in the private business sphere." *Student Pub. Interest Research Grp. v. AT&T Bell Labs*, 842 F.2d 1436, 1447 (3rd Cir. 1988); *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983) ("To pay public interest firms less than private firms could frustrate the prosecution of civil rights litigation"); *Torres v. Sachs*, 538 F.2d 10, 13 (2nd Cir. 1976) (An award of fees may not be reduced because the prevailing party's counsel was employed by a civil rights organization).

## II. Plaintiffs are Entitled to Recover Reasonable Litigation Costs

In addition to reasonable attorneys' fees, Plaintiffs also seek recovery of litigation expenses for postage, copying/printing, medical records requested by Defendant, and deposition transcripts, as authorized by 28 U.S.C. §1920. "All reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, *travel,* and telephone, are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client." *Associated Builders & Contractors, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 380 (5th Cir. 1990) ;*West v. Nabors Drilling USA, Inc*., 330 F.3d 379, 395-96 (5th Cir. 2003) (ADEA); *Mota v. University of Texas Houston Health Sciences Center*, 261 F.3d 512, 529 (5th Cir. 2001) (Title VII).  Plaintiffs' litigation costs total $6,847.63 and are itemized below.[10]

## III. Summary of Fees and Costs

*Attorneys' Fees*

    A.    Maureen O'Connell    $168,935.00

    B.    Maryann Overath    $29,529.50

---

[10] Underlying documentation of these costs can be provided upon request by Defendant or the Court.

*Litigation Expenses and Costs*

**Filing Fee and Service Costs**

| | | |
|---|---|---:|
| 02.15.11 | U.S. Dist. Ct. So. Dist. | 350.00 |
| 04.28.11 | Norman Wiley | <u>120.00</u> |
| | | **470.00** |

**Postage**

| | | |
|---|---|---:|
| 12.22.10 | USPS | 5.00 |
| 07.05.11 | USPS | 2.56 |
| 08.12.11 | USPS | 4.60 |
| 09.13.11 | USPS | 6.63 |
| 10.05.11 | USPS | 8.23 |
| 10.26.11 | USPS | 10.35 |
| 12.21.11 | USPS | 16.55 |
| 12.21.11 | USPS | 7.92 |
| 05.04.12 | USPS | 26.70 |
| 06.06.12 | USPS | <u>13.50</u> |
| | | **102.04** |

**Copying**

| | | |
|---|---|---:|
| 12.21.10 | Office Max/Copy | 24.06 |
| 10.18.11 | FedEx/Office | 37.46 |
| 11.13.11 | FedEx/Office | 2.27 |
| 11.13.11 | FedEx/Office | 20.57 |
| 05.03.12 | FedEx/Office | 63.76 |
| 06.05.12 | FedEx/Office | <u>29.44</u> |
| | | **177.56** |

**Medical Records Requested by Defendant**

| | | |
|---|---|---:|
| 09.01.11 | Dr. Charlotte Smith | 20.00 |
| 09.26.11 | Kelsey-Sebold Clinic | 26.00 |
| 12.23.11 | TIRR/Memorial Hermann | 86.72 |
| 01.04.12 | Healthport | <u>163.14</u> |
| | | **295.86** |

**Deposition Costs**

| | | |
|---|---|---:|
| 10.25.11 | Esquire Depositions | 1,303.00 |
| 11.08.11 | Esquire Depositions | 1,303.00 |
| 11.18.11 | Esquire Depositions | 1,621.55 |
| 01.20.12 | Integrity Legal Solutions | 241.15 |
| 03.13.12 | Integrity Legal Solutions | 554.45 |
| 03.14.12 | Integrity Legal Solutions | 306.80 |
| 03.21.12 | Integrity Legal Solutions | <u>439.22</u> |
| | | **5,802.17** |

| | | |
|---|---:|---:|
| | **TOTAL** | **6,847.63** |

## IV.  CONCLUSION

For the reasons more fully explained above, Plaintiffs respectfully request that the Court award reasonable attorneys' fees in the amount of $198,464.50 and costs in the amount of $6,847.63.

Respectfully submitted,

  /s/ Maureen O'Connell
MAUREEN O'CONNELL
Texas Bar No. 00795949
Attorney-in-Charge
SOUTHERN DISABILITY LAW CENTER
1307 Payne Avenue
Austin, Texas 78757
(512) 458.5800 Phone
(512) 458.5850 Fax
Email: moconnell@sdlcenter.org

MARYANN OVERATH
Texas Bar No. 00786851
TEXAS LEGAL SERVICES CENTER
7800 Shoal Creek Blvd, Suite 171-E
Austin, TX 78757
(512) 587.1614 Phone
(512) 454-3999 Fax
Email: moverath@tlsc.org

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

I hereby certify that on the September 28, 2012, I contacted counsel for Defendant, Drew Harris, concerning Plaintiffs' request for attorneys' fees and costs.  Mr. Harris indicated that he is unable to respond at this time as he believes the request is premature and has not had an opportunity to review Plaintiffs' request and supporting documentation.

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2012, a true and correct copy of the foregoing document, via electronic form, was sent to the person listed below in accordance with the Local Rules for the U.S. District Court for the Southern District of Texas:

Drew L. Harris
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711

    /s/ Maureen O'Connell
Maureen O'Connell