UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BRADLEY KOENNING, <br> BRIAN MARTIN, and <br> MORGAN RYALS, <br><br> Plaintiffs, <br><br> vs. <br><br> THOMAS SUEHS, in his official capacity as Executive Commissioner, TEXAS HEALTH AND HUMAN SERVICES COMMISSION, <br><br> Defendant. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:11-CV-00006 |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFFS'MOTION FOR ATTORNEYS' FEES AND COSTS**

TO THE HONORABLE JOHN D. RAINEY:

Plaintiffs, through undersigned counsel, file this Reply to *Defendant's Opposition to Plaintiffs' Motion for Attorneys Fees* and state as follows:

**I.   Plaintiffs' Counsel Documented their Time Reasonably Expended in this Case.**

Plaintiffs' counsel have provided well-documented and contemporaneously created time records as proof of their time reasonably expended in this case. *See League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.* ("*LULAC*"), 119 F.3d 1228, 1233 (5th Cir. 1997). These records include more than 65 pages involving hundreds of entries spanning the course of this two-year litigation. Although Defendant asserts that the descriptions of counsel's work "are often vague and represent work not necessary for this litigation," the specific examples he provides actually demonstrate the opposite.  First, Defendant references 8 entries, totaling approximately 1.3 hours, expended in communication with CMS officials. (O'Connell Time

Record, pp. 1-3) These entries are not vague nor do they reflect work unrelated to Plaintiffs' "reasonable and necessary efforts" in this litigation. Throughout this litigation, Defendant repeatedly claimed CMS had "vetted" Texas Medicaid's policy exclusion of mobile standers and approved it. Ultimately, the Court found to the contrary and concluded "CMS has not approved THHSC's policy exclusion of mobile standers." 20012 WL 4127956 at *11, (S.D. Tex, Sept. 18, 2012). Plaintiffs' communication with CMS officials helped establish this fact and was "reasonable and necessary" to their success in this litigation.[1]

Next, Defendant complains Plaintiffs' counsel engaged in "six months of pre-litigation activity" before filing their complaint, however each of the entries between September 9, 2010 and February 15, 2011, describe with specificity every task that was completed, including the initial drafting of the Complaint, twice revising the Complaint to add new Plaintiffs, and making repeated contacts with HHSC legal staff in an attempt to settle the case for two of the Plaintiffs prior to filing this lawsuit. In addition, counsel exercised billing judgment concerning their "pre-litigation activity" and reduced their time during this period by over 24 hours.

Counsel's exercise of billing judgment is evident throughout their time records. Contrary to Defendant's assertion, Plaintiffs' counsel do not simply "purport" to exercise billing judgment, in fact, they reduced their overall time records by nearly 200 hours. Both the documentation of "time spent" and "time billed" contained within counsel's time records clearly

---

[1] Defendant's characterization of counsel's communication with CMS as "general advocacy" is incorrect. During this period of time, counsel did engage in "general advocacy" with CMS concerning the federal agency's proposed home health rules, however, the time expended on this task was eliminated from Counsel's time records prior to submission to the Court. The only time and tasks identified in their time records relates specifically to communication with CMS concerning Defendant's policy exclusions of DME. Contrary to Defendant's assertion, Plaintiffs' time records do not describe any tasks related to an attempt to influence CMS policy.

demonstrate the billing judgment exercised in this case.[2] Defendant's claim that "Plaintiffs have failed to provide sufficient evidentiary support to justify the fee award they request" is incorrect.

Further, Defendant argues Plaintiffs are not entitled to compensation for time spent on any work related to the issue of medical necessity, claiming that Plaintiffs did not prevail on this issue. To the contrary, Plaintiffs are entitled to all time reasonably expended on this issue because Defendant argued that without proof of medical necessity for the recommended mobile standers, Plaintiffs did not have standing to bring this lawsuit. As claimed by Defendant, "Plaintiffs do not have the requisite medical necessity to establish the jurisdictional requirement of standing in this case." (Def.'s Response Brief to Pls.' Motion for Summary Judgment, p. 16)

In fact, the Court directly addressed Defendant's claim that "Plaintiffs lack standing to challenge THHSC's policy exclusion of mobile standers because they are unable to prove they have a true medical need for a mobile stander," 2012 WL 4127956 at *7, and ultimately rejected Defendant's argument concerning medical necessity and its relevance to the jurisdictional issue of standing. Any complaint about counsel's time spent attending Defendant's depositions of Plaintiffs' treating physicians, reviewing Plaintiffs' medical records, or briefing these issues is without merit as it was reasonable and necessary for counsel to perform all of these specific tasks to respond to Defendant's standing challenge in this case.[3] There is no question that Plaintiffs prevailed on Defendant's jurisdictional argument, thus the time spent on the issue of medical necessity is fully compensable and should not be subject to any reduction suggested by Defendant.

---

[2] Defendant references *Alberti v. Klevenhagen,* 896 F.2d 927, 930 (5th Cir. 1990), which states that "[i]deally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off." This is precisely the type of documentation counsel provided in this case.

[3] As to the issue of the specific relief sought by Plaintiffs, they have not included their time spent on Plaintiff's medical necessity for mobile standers following remand by the Court as this issue was not decided by the Court.

3

Finally, Defendant argues that Plaintiffs' fee request should be reduced to reflect time spent on their first Medicaid cause of action because it was brought pursuant to the Supremacy Clause. Although Defendant correctly states that Plaintiffs alleged three separate causes of action, his suggestion that the second and third due process claims brought pursuant to §1983 were "ancillary" to the first is incorrect. Proof of their due process claims required Plaintiffs to demonstrate Defendant's policy was in conflict with federal Medicaid requirements and the benefit request and fair hearing process violated Plaintiffs' due process right to challenge denials based upon this unlawful policy. While Defendant may consider Plaintiffs' constitutional and statutory due process rights to be a secondary matter, such characterization is incorrect.

Moreover, Defendant's reliance on *Planned Parenthood of Houston & Southeast Texas v. Sanchez,* 480 F. 3d. 734 (5th Cir. 2007), to support a reduction of Plaintiffs' fee request as it relates to their Supremacy Clause cause of action is entirely misplaced. According to the Fifth Circuit, "[w]here a plaintiff prevails on both a §1983 claim and a Supremacy Clause claim that are based on a "common nucleus of operative facts" the plaintiff may recover attorney's fees for both claims."[4] *Id.* at 739. This is precisely what happened here. It is beyond dispute that Plaintiffs' successful Supremacy Clause and constitutional and statutory due process claims are based upon a common set of facts involving Defendant's unlawful policy exclusion of mobile standers and the application of this unlawful policy at the prior authorization stage and at fair hearing. There is simply no factual or legal support for reducing or eliminating Plaintiffs' time related to their Supremacy Clause claim. The authority cited by Defendant fully supports Plaintiffs' recovery of fees for this claim, as well as their successful constitutional and statutory due process claim. In the end, Plaintiffs have obtained "excellent results…and should recover a

---

[4] Because Plaintiffs were successful on each of their legal claims, counsel need not segregate their work and time as Defendant suggests.

fully compensatory fee" encompassing all hours reasonably expended in this litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983)

## II.     Counsel's Hourly Rates are Reasonable.

There is no disagreement that "the prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate." *Vanderbilt Mortgage and Finance, Inc. v. Flores,* 2011 WL 2160928 at *3 (S.D. Tex. May 27, 2011). Nor is there any disagreement that the relevant legal community consists of attorneys practicing before this Court. However, Plaintiffs disagree that their requested hourly rates for their work should be reduced based upon the *median hourly rate* for attorneys in the relevant market. While courts have taken judicial notice of the rates identified in State Bar surveys, it is not the median hourly rate that is controlling. In *Vanderbilt*, the court found that because the 2009 survey lacked "high and low rate data," the 2005 Hourly Rate Sheet was more instructive. There, the court applied the "high" rate for attorneys practicing within the relevant area of law to account for the lawyer's level of experience.[5]  A similar analysis demonstrates the high rate for attorneys practicing health law in 2005 was $450, while the high rate for attorneys practicing generally within the East Northeast MSA was $400.[6]  These rates far exceed those requested by Plaintiffs' counsel in this case and clearly demonstrate the reasonableness of their hourly rates.

In addition, Plaintiffs provide a sworn declaration from John W. Griffin, Jr., a well-experienced trial lawyers practicing in Victoria, Texas. (Exhibit A) According to Mr. Griffin, the hourly rates claimed by Plaintiffs' counsel are consistent with, if not less than, the prevailing

---

[5] Reference to the "high" rate is also appropriate given counsel's years of experience and expertise in the area of Medicaid law.

[6] *See* http://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=8820, pp. 13, 27.

rates of lawyers with similar experience practicing in the Victoria area.  Defendant has provided no compelling basis for a reduction of Plaintiffs' hourly rates.

### III.     Defendant Offers no Valid Reason to Stay Plaintiffs' Award of Attorney's Fees.

Defendant asks this Court to stay any determination as to the amount of attorney's fees owed to Plaintiffs but cites no basis for this request other than the fact that a notice of appeal has been filed in this case.  Additionally, Defendant cites no case law supporting his request for a stay of the determination of Plaintiffs' fee award pending the appeal. In the absence of any legal authority to support Defendant's request, no stay should be granted.

In sum, Plaintiffs' fee request is based upon a reasonable number of hours to be compensated at a reasonable hourly rate.  Plaintiffs have exercised appropriate billing judgment and Defendant offers no valid justification for any further reduction of their fee award or for a stay of the Court's decision on this issue.

Respectfully submitted,

  /s/ Maureen O'Connell
MAUREEN O'CONNELL
Texas Bar No. 00795949
Attorney-in-Charge
SOUTHERN DISABILITY LAW CENTER
1307 Payne Avenue
Austin, Texas 78757
(512) 458.5800 Phone
(512) 458.5850 Fax
Email: moconnell@sdlcenter.org

MARYANN OVERATH
Texas Bar No. 00786851
TEXAS LEGAL SERVICES CENTER
7800 Shoal Creek Blvd, Suite 171-E
Austin, TX 78757
(512) 587.1614 Phone
(512) 454-3999 Fax
Email: moverath@tlsc.org

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2012, a true and correct copy of the foregoing document, via electronic form, was sent to the person listed below in accordance with the Local Rules for the U.S. District Court for the Southern District of Texas:

Drew L. Harris
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711

      /s/ Maureen O'Connell
Maureen O'Connell