UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| BRADLEY KOENNING, § <br> BRIAN MARTIN, and § <br> MORGAN RYALS, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> THOMAS SUEHS, in his official § <br> capacity as Executive Commissioner, § <br> TEXAS HEALTH AND HUMAN § <br> SERVICES COMMISSION, § <br> § <br> Defendant. § | CIVIL ACTION NO. V-11-6 |

**OPINION & ORDER**

Pending before the Court is Defendant's Rule 60(b)(5) Motion for Relief from Attorneys' Fees (Dkt. No. 49), filed by Kyle L. Janek,[1] Executive Commissioner of the Texas Health and Human Services Commission (THHSC), acting through the Texas Medicaid and Healthcare Partnership (TMHP) (hereinafter "Defendant"). Plaintiffs Bradley Koenning, Brian Martin, and Morgan Ryals ("Plaintiffs") have responded to Defendant's motion. (Dkt. No. 53.)

**I. Background**

On September 18, 2012, the Court issued its Memorandum Opinion & Order and Final Judgment, granting in part Plaintiffs' Motion for Summary Judgment and remanding the case to TMHP for further action. (Dkt. Nos. 33 & 34.) On November 14, 2012, the Court entered a second Memorandum Opinion & Order awarding Plaintiffs $158,331.60 in attorneys' fees and $6,847.63 in court costs based on their status as "prevailing parties" on summary judgment. (Dkt. No. 43.) In an October 4, 2013 *per curiam* opinion, the United States Court of Appeals for the Fifth Circuit

---

1. Kyle L. Janek succeeded Thomas Suehs as Executive Commissioner of THHSC on September 1, 2012.

1

dismissed Plaintiffs' claims on appeal as moot and vacated the Court's September 18, 2012 Opinion and Judgment in "the public interest," finding that the Court's decision "contain[ed] meaningful errors." (Dkt. No. 50 at 3–4.) Defendant now moves the Court to vacate its November 14, 2012 Order awarding Plaintiffs their attorneys' fees and court costs.

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) provides that a district court may relieve a party from a final judgment or order that is "based on an earlier judgment that has been reversed or vacated." FED. R. CIV. P. 60(b)(5). Numerous courts, including the Fifth Circuit, have "ma[d]e it clear that FED. R. CIV. P. 60(b)(5) is an appropriate method for seeking relief from a judgment of attorney's fees once the underlying judgment has been reversed." *Am. Realty Trust, Inc. v. Matisse Partners, L.L.C.*, 2003 WL 23175440, *3 n.5 (N.D. Tex. Dec. 15, 2003) (citing *Flowers v. S. Reg'l Physician Servs, Inc.*, 286 F.3d 798, 801–02 (5th Cir. 2002); *Cal. Med. Ass'n v. Shalala*, 207 F.3d 575, 577–79 (9th Cir. 2000), *Mother Goose Nursery Sch., Inc. v. Sendak*, 770 F.2d 668, 676 (7th Cir. 1985)).

## III. Analysis

Despite Plaintiffs' assertions to the contrary, the Fifth Circuit did not vacate the Court's Opinion and Judgment because they were moot. The Fifth Circuit vacated the Court's Opinion and Judgment because they were erroneous.

Because the Court's award of attorneys' fees was based on an erroneous judgment that has since been vacated by the Fifth Circuit, the fee award must be vacated pursuant to Rule 60(b)(5). *See Flowers*, 286 F.3d at 802 (Vacatur of a fee award was appropriate under Rule 60(b)(5) where the "part of the judgment that formed the basis of the granting of attorney's fees was vacated."); *Cal. Med. Ass'n*, 207 F.3d at 577–78 (Where an award of attorneys' fees is based on the merits of

the judgment, "reversal of the merits removes the underpinnings of the fee award."); 15B CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. § 3915.6 (If no appeal is taken from an award of attorney's fees, "some means must be found to avoid the unseemly spectacle of enforcing a fee award based on a judgment that has been reversed.").

**IV. Conclusion**

For the reasons set forth above, Defendant's Rule 60(b)(5) Motion for Relief from Attorneys' Fees (Dkt. No. 49) is **GRANTED**, and the Court's November 14, 2012 Memorandum Opinion & Order awarding Plaintiffs $158,331.60 in attorneys' fees and $6,847.63 in court costs (Dkt. No. 43) is **VACATED**.

It is so **ORDERED**.

**SIGNED** this 9th day of December, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE